1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

FRANCOIS POITIER GIVENS,

No.  2:21-cv-00591 AC

12

Plaintiff,

13

v.

ORDER

14

MARIANNA LOTESZTAIN, et al.,

15

Defendants.

16

17       Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18  1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19  Currently pending before the court is plaintiff's first amended complaint.[1]  ECF No. 7.

20       I.     Application to Proceed In Forma Pauperis

21       As directed by the court, plaintiff has completed an in forma pauperis application for a

22  non-prisoner demonstrating his indigency.  ECF No. 11.  Accordingly, the motion to proceed in

23  forma pauperis will be granted.

24       II.    Statutory Screening of Prisoner Complaints

25       The court is required to screen complaints brought by prisoners seeking relief against "a

26

27  [1] Plaintiff filed the first amended complaint before the court could screen plaintiff's original
    complaint.  Since the amended complaint supersedes the original, the court will proceed to screen
28  the amended complaint.

1

1    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

2    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

3    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

4    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

5          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

6    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

7    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

8    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

9    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

10   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

11   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

12   Franklin, 745 F.2d at 1227-28 (citations omitted).

13        III.    Allegations in the First Amended Complaint

14         At all times relevant to the allegations in the amended complaint, plaintiff was a prisoner

15   at California State Prison-Solano ("CSP-SOL").  Plaintiff sues five medical staff members at the

16   prison as well as the supervisory official in charge of reviewing health care grievances employed

17   at California Correctional Health Care Services ("CCHCS") in Elk Grove, California.  ECF NO. 7

18   at 3-4.

19         In claim one, plaintiff asserts that between December 22, 2017 through the end of 2019,

20   defendant Lotersztain, his treating physician, was deliberately indifferent to plaintiff's excessive

21   pain due to deteriorating disc and joint disease as well as his need for medical equipment for his

22   physical disabilities.  ECF No. 7 at 5.  In this same claim, plaintiff also alleges that defendant

23   Lotersztain retaliated against him in violation of the First Amendment in various ways after

24   plaintiff informed Dr. Lotersztain that he would be filing a grievance against her.  This dissuaded

25   plaintiff's exercise of his First Amendment rights.  ECF No. 7 at 6.  Plaintiff also raises a

26   supplemental state law negligence claim and a Bane Act violation against defendant Lotersztain

27   for these same actions.

28   ////

2

Plaintiff contends in claim two that on February 14, 2018, defendant Phan retaliated and/or conspired to retaliate against plaintiff by denying his administrative appeal challenging Dr. Lotersztain's decision to cancel plaintiff's prescription for Pregablin for his medical condition. ECF No. 7 at 8.  After making this decision, defendant Phan instructed plaintiff to leave the medical clinic, "implying adverse action would occur if he did not… in an attempt to chill or dissuade plaintiff from exercising rights secured by the 1st Amendment."  ECF No. 7 at 8. Plaintiff also asserts an Eighth Amendment claim against defendant Phan by not intervening in the medical treatment decisions of Dr. Lotersztain that harmed plaintiff.

In claims three through five, plaintiff asserts similar First Amendment retaliation as well as Eighth Amendment deliberate indifference claims against defendants Gonzaga, Mates, and Largoza for providing inadequate medical care for his disc and joint disease leaving him in intolerable pain and failing to authorize certain assistive devices for his mobility issues.  ECF No. 7 at 10-12.

The last claim alleges Eighth Amendment deliberate indifference by defendant Gates, the head of the health care appeals branch of CCHCS, for denying and delaying plaintiff's health care grievances.  ECF No. 7 at 17.  Plaintiff also sues defendant Gates in his official capacity for an ADA violation based on denying or removing certain accommodations for plaintiff's disabilities that prevented him from participating in recreational activities, medical services, as well as educational and vocational programming.  ECF No. 7 at 17-18.

IV.    <u>Claims for Which a Response Will Be Required</u>

After conducting the required screening, the court finds that plaintiff has adequately alleged the following claims:  an Eighth Amendment deliberate indifference claim, a First Amendment retaliation claim, a supplemental state law negligence claim, and a supplemental Bane Act violation against defendant Lotersztain, all arising from the facts alleged in Claim One; Eighth Amendment deliberate indifference claims against defendants Phan (Claim Two), Gonzaga (Claim Three), Mates (Claim Four), and Largoza (Claim Five); and an ADA violation against defendant Gates in his official capacity (Claim Six).

1    V.      Failure to State a Claim

2            However, the allegations in Claim Two against defendant Phan are not sufficient to state a

3    retaliation claim based on an implied adverse action.  "[A] viable claim of First Amendment

4    retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

5    against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

6    chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

7    advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

8    2005) (citations omitted).  Plaintiff does not allege that defendant Phan actually took an adverse

9    action against him.  Thus, this claim is not cognizable as plead in the amended complaint.

10           Likewise, the allegations of retaliation by defendants Gonzaga (Claim Three), Mates

11   (Claim Four), and Largoza (Claim Five) are insufficient to state a claim for relief because they are

12   based on a difference of opinion over plaintiff's health care needs.  The medical treatment

13   decisions of these defendants reasonably advanced a legitimate correctional goal.  Thus, the

14   amended complaint does not adequately plead all five factors required to allege a First

15   Amendment retaliation claim.  See Rhodes, 408 F.3d at 567068.  Moreover, these claims are

16   based on a purported conspiracy among the defendants in this case that is entirely conclusory in

17   nature and not supported by any facts.

18           In Claim Six, plaintiff asserts that defendant Gates in his supervisory capacity over health

19   care appeals failed to adequately train his subordinates resulting in the deliberate indifference to

20   plaintiff's serious medical needs.  However, government officials may not be held liable for the

21   unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v.

22   Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a

23   misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is

24   only liable for his or her own misconduct.").  When the named defendant holds a supervisory

25   position, the causal link between the defendant and the claimed constitutional violation must be

26   specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either

27   personally participated in or directed the alleged deprivation of constitutional rights or knew of

28   the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.

4

1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here, plaintiff does not allege what specific medical decisions defendant Gates was involved in that resulted in deliberate indifference to his serious medical needs.  Defendant's supervisory position alone is not sufficient to establish this link.  Thus, the amended complaint does not allege an Eighth Amendment deliberate indifference claim against defendant Gates.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the amended complaint does not state any cognizable First Amendment retaliation against defendants Phan, Gonzaga, Mates, or Largoza, or an Eighth Amendment deliberate indifference claim against defendant Gates. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendants Lotersztain, Phan, Gonzaga, Mates, Largoza, and Gates on the cognizable claims described in Section IV, or he may delay serving any defendant and further amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on the cognizable claims described in Section IV against defendants Lotersztain, Phan, Gonzaga, Mates, Largoza, and Gates without amending the complaint, the court will proceed to serve the first amended complaint.  A decision to go forward without further amending the complaint will be considered a voluntarily dismissal without prejudice of the First Amendment retaliation claims against defendants Phan, Gonzaga, Mates, and Largoza as well as the Eighth Amendment deliberate indifference claim against defendant Gates.

VII.   Standards Governing Amended Complaints

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

1    or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,

2    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

3    participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

4    268 (9th Cir. 1982) (citations omitted).

5         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

7    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8    amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9    1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

10   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

11   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

12   any previous complaints no longer serve any function in the case.  Therefore, in an amended

13   complaint, as in an original complaint, each claim and the involvement of each defendant must be

14   sufficiently alleged.

15        VIII.   Plain Language Summary of this Order for a Pro Se Litigant

16        Some of the allegations in the complaint state claims against the defendants and some do

17   not.  You have a choice to make.  You may *either* (1) proceed immediately on the claims

18   described in Section IV and voluntarily dismiss the other claims *or* (2) try to further amend the

19   complaint.  If you want to go forward without amending the complaint, you will be voluntarily

20   dismissing without prejudice the claims described in Section V.

21        You must complete the attached notification showing what you want to do and return it to

22   the court.  Once the court receives the notice, it will issue an order telling you what you need to

23   do next (i.e. file an amended complaint or wait for defendants to be served).

24        In accordance with the above, IT IS HEREBY ORDERED that:

25        1.  Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 11) are

26   GRANTED.

27        2.  The court finds that the First Amendment retaliation claims against defendants Phan,

28   Gonzaga, Mates, or Largoza, as well as the Eighth Amendment deliberate indifference claim

against defendant Gates, do not state claims for which relief may be granted.

3.   Plaintiff has the option to proceed immediately on the cognizable claims described in Section IV of this order against defendants Lotersztain, Phan, Gonzaga, Mates, Largoza, and Gates, or to delay service and further amend the complaint.

4.   Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the amended complaint as screened and will recommend dismissal without prejudice of the non-cognizable claims described in Section V of this order.

DATED: May 24, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANCOIS POITIER GIVENS,                    No.  2:21-cv-00591-AC

12              Plaintiff,

13        v.                                     NOTICE OF ELECTION

14   MARIANNA LOTESZTAIN, et al.,

15              Defendants.

16

17        Check one:

18

19   _____   Plaintiff wants to proceed immediately on the following claims:  (1) an Eighth
         Amendment deliberate indifference claim against defendant Lotersztain; (2) a First
20       Amendment retaliation claim against defendant Lotersztain; (3) a supplemental state law
         negligence and Bane Act violation against defendant Lotersztain; (4) Eighth Amendment
21       deliberate indifference claims against defendants Phan (Claim Two), Gonzaga (Claim
         Three), Mates (Claim Four), and Largoza (Claim Five); and (5) an ADA violation against
22       defendant Gates in his official capacity (Claim Six).  Plaintiff understands that by going
         forward without amending the complaint he is voluntarily dismissing the First
23       Amendment retaliation claims against defendants Phan, Gonzaga, Mates, and Largoza; as
         well as the Eighth Amendment deliberate indifference claim against defendant Gates
24       without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

25   _____   Plaintiff wants to further amend the complaint.

26   DATED:_____

27                                       _____
                                         Francois Poitier Givens
28                                       Plaintiff pro se

                                         1